IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

KYLE MCLELLAN,

     Plaintiff,

-VS-                         CASE NO.:    6:16-cv-1745-ORL-40GJK

PROG LEASING, LLC d/b/a
PROGRESSIVE LEASING,

     Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Kyle McLellan, by and through the undersigned counsel, and sues Defendant, PROG LEASING, LLC d/b/a PROGRESSIVE LEASING, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like PROG LEASING, LLC d/b/a PROGRESSIVE LEASING from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

1

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     The alleged violations described herein occurred in Brevard County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, PROG LEASING, LLC d/b/a PROGRESSIVE LEASING, is a corporation which was formed in Delaware with its principal place of business located at 256 West Data Drive, Draper, Utah 84020 and which conducts business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING is a "creditor" as defined in Florida Statute §559.55(5)

16.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING called Plaintiff on Plaintiff's cellular telephone approximately 125 times since December 2015, in an attempt to collect a debt.

17.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line from PROG LEASING, LLC d/b/a PROGRESSIVE LEASING.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (321) ***-3165 and was the called party and recipient of Defendant's calls.

20.     Beginning on or about December 2015, PROG LEASING, LLC d/b/a PROGRESSIVE LEASING began bombarding Plaintiff's cellular telephone (321) ***-3165 in an attempt to collect on an appliance loan.

21.     The autodialer calls from Defendant came from telephone numbers including but not limited to (504) 758-3667, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to PROGRESSIVE LEASING.

22.     In or around December, 2015 Plaintiff revoked his consent to be called by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING by requesting that the calls stop. Specifically, the Plaintiff spoke with agents of Defendant and stated to Defendant's agents "You are calling me multiple times a day.  Stop calling me."  Each call PROG LEASING, LLC d/b/a PROGRESSIVE LEASING made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

23.     Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after December, 2015.

24.     Plaintiff estimates approximately one hundred (100) calls to his cell phone post-revocation.

25.     Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to five (5) times a day from approximately December 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

26.     Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers. The plaintiff kept a call log of the calls received by the defendant but due to the sheer number of calls the plaintiff was not able to record all the calls.

27.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or PROG LEASING, LLC d/b/a PROGRESSIVE LEASING, to remove the number.

29.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to PROG LEASING, LLC d/b/a PROGRESSIVE LEASING they wish for the calls to stop.

30.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

34.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35.     Not a single call placed by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37.     From each and every call placed without consent by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

38.     From each and every call without express consent placed by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from PROG LEASING, LLC d/b/a PROGRESSIVE LEASING's calls.

39.     From each and every call placed without express consent by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40.     Each and every call placed without express consent by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42.     Each and every call placed without express consent by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43.     Each and every call placed without express consent by PROG LEASING, LLC d/b/a PROGRESSIVE LEASING to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

44.     As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

45.     Plaintiff fully incorporates and realleges paragraphs one through forty-four (1-44) as if fully set forth herein.

46.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified PROG LEASING, LLC d/b/a PROGRESSIVE LEASING that he wished for the calls to stop.

47.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic

telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROG LEASING, LLC d/b/a PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

48.     Plaintiff fully incorporates and realleges paragraphs one through forty-four (1-44) as if fully set forth herein

49.     At all times relevant to this action PROG LEASING, LLC d/b/a PROGRESSIVE LEASING is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52.     PROG LEASING, LLC d/b/a PROGRESSIVE LEASING's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PROG LEASING, LLC d/b/a PROGRESSIVE LEASING for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff